UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| HENRY BROCKSCHMIDT and LINDA BROCKSCHMIDT, individuals,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation; and DOES 1 through 30, inclusive,<br><br>　　　　Defendants. | CASE NO.  SACV 10-0030 JVS (ANx)<br><br>**[PROPOSED]** **PROTECTIVE ORDER** |

PURSUANT to the Stipulation of the Parties, IT IS ORDERED as follows:

1.　Plaintiffs, HENRY BROCKSCHMIDT and LINDA BROCKSCHMIDT, have propounded Demand For Production of Documents, Set One, on LIBERTY MUTUAL FIRE INSURANCE COMPANY ("LIBERTY").  In response thereto, LIBERTY intends to produce documents which reflect its methods and procedures and guidelines for claims handling, claims adjustment and quality assurance, which LIBERTY asserts are protected as Trade Secrets pursuant to California Trade Secret Law, or otherwise proprietary and confidential.  In an effort to reach a reasonable compromise regarding the production of such

1  documents, while at the same time protecting against disclosure of such Trade
2  Secrets to LIBERTY'S competitors or disclosure of confidential and proprietary
3  information about LIBERTY, LIBERTY agrees to produce such documents to
4  Plaintiffs upon execution of this "STIPULATION AND PROTECTIVE ORDER."
5  The parties, therefore, agree that all such documents shall be deemed
6  "PROTECTED," but will be produced pursuant to the conditions set forth below.
7  However, documents protected by the "attorney-client privilege and/or work
8  product doctrine" are expressly excluded from this Stipulation.

9    2. Absent a specific order by the Court, all said "PROTECTED"
10 documents (including any copies, recordings, discs, prints, negatives, summaries, or
11 the contents thereof), which are produced or testified to in the instant lawsuit, shall
12 be used solely in connection with this lawsuit and shall not be shown, disclosed, or
13 otherwise divulged to any entity or person except as provided in this Stipulation.

14   3. In consideration for LIBERTY'S production of such PROTECTED
15 documents, the parties hereto agree that this Stipulation may also serve as a joinder
16 or non-opposition regarding any application or motion brought by LIBERTY for a
17 Protective Order concerning that above-referenced documents, but only to the
18 extent that any such application or motion seeks to limit the use of PROTECTED
19 documents as provided herein. Should a Protective Order be issued, PROTECTED
20 documents shall be offered into evidence only under seal as set forth below, or
21 under other appropriate orders of this court unless the PROTECTED status of such
22 documents has been removed by agreement of counsel, or by order of this Court.

23   4. All PROTECTED documents and the contents thereof shall not be
24 disclosed to anyone other than an attorney, legal or clerical staff employed by the
25 office of counsel of record for a party; the parties or officers and employees of the
26 parties; any consultant; expert or advisor employed by a party; deponents, if
27 relevant to their testimony, and court reporters and their staff, unless such persons
28 execute a written certification in the following form:

> I hereby acknowledge that I, [name], [position of employment, am about to receive, confidential information supplied in connection with the litigation entitled *Brockschmidt. v. Liberty Mutual Insurance Company*, U.S. District Court, Central, Case No. SACV 10-0030 JVS (ANx). I certify my understanding that such documents are to be provided to me pursuant to the terms and restrictions of the Stipulation [and Protective Order] executed on [date] in this action, and that I have been given a copy of and have read this Stipulation [and Protective Order] and agree to be bound by its terms. I understand that such documents and any copies that I make of any documents as defined in that Stipulation [and Order], or any notes or other records regarding any such matters, shall not be disclosed to any person except as defined in that Stipulation [and Order].

A signed copy of each written certification shall be retained by counsel for the party making such disclosure, and, at the conclusion of this litigation, all counsel receiving PROTECTED documents will provide to counsel for LIBERTY MUTUAL written confirmation that all PROTECTED documents and/or all copies of such documents are being returned, at the time said PROTECTED documents are returned to LIBERTY MUTUAL as set forth below.

5. All experts or consultants shall use PROTECTED information only for purposes of this litigation and shall not give, show or otherwise divulge any such information or transcripts which are designated as PROTECTED, or the content or substance thereof, to any other entity or person.

6. All transcripts, depositions, exhibits, or other pleadings, or filings in this action which contain or otherwise set forth PROTECTED documents, or the contents thereof, shall likewise be subject to the terms of this Stipulation and any Protective Order issued by the Court.

7. Any such transcripts, depositions, exhibits, pleadings, or other such documents or materials containing such PROTECTED information or documents, which are filed with the Court, shall be filed in sealed envelopes which shall bear the caption of this action, an indication of the nature of the contents of such sealed

1 envelope, the words "CONFIDENTIAL," and provided a Protective Order is
2 issued, the words "SUBJECT TO PROTECTIVE ORDER," and a statement that
3 the envelope is not to be opened, nor the contents thereof to be displayed or
4 revealed, except by express order of the Court.

5      8. Any PROTECTED documents filed under seal shall not preclude
6 review of the contents thereof by any judicial officer in conjunction with this
7 litigation.

8      9. Nothing contained in this Stipulation shall be construed to be a waiver
9 of the obligation of any party who asserting the work-product doctrine, attorney-
10 client privilege, or any other privilege as a basis for withholding such documents.
11 Any party may apply to the Court for an Order requiring the production of
12 documents withheld on the ground of asserted privilege.

13     10. Nothing contained in this Stipulation shall limit the use at trial of, or
14 constitute a waiver or estoppel to assert an objection to the use at trial of, evidence
15 or information produced pursuant to this Stipulation, nor shall anything contained
16 herein relieve any party of its obligation to respond to discovery under the <u>Code of</u>
17 <u>Civil Procedure</u>. Counsel for the parties shall cooperate reasonably to carry out the
18 purposes and intent of this Stipulation to all manners and means of discovery, even
19 though not specifically designated herein.

20     11. Receipt by any party of any PROTECTED information shall not be
21 either an admission of the claim that the information is trade secret(s), or otherwise
22 confidential or proprietary, as asserted by the producing party nor any admission
23 with respect to the authenticity, competency, relevance or materiality thereof.

24     12. At the final conclusion of this action, by settlement or otherwise, the
25 PROTECTED documents produced under this Stipulation shall continue to be
26 maintained in the same manner as set forth in this Stipulation shall continue to be
27 maintained in the same manner as set forth in this Stipulation for not more than
28 three (3) months. Following the expiration of the three-month period from the

termination of the action, the parties maintaining said documents shall return said documents (and any copies, records, prints, discs, negatives, or summaries thereof including, but not limited to, any such materials in the possession of any employees, experts, or consultants, except those comprising any trial or appellate court record) to LIBERTY, or its counsel of record. As to any PROTECTED documents and materials which comprise any portion of the trial or appellate record, they shall remain PROTECTED and shall continue to be sealed in accordance with the terms of this Stipulation and any ensuing Protective Order.

Dated: May 26, 2010

_____
Hon. ARTHUR NAKAZATO
U.S. Magistrate Judge

Submitted by:

STEPHEN J. ERIGERO (SBN 121616)
WENDY L.R. MIELE (SBN 165551)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: serigero@rmkb.com

Attorneys for Defendant,
LIBERTY MUTUAL FIRE INSURANCE COMPANY